# Order

**Michigan Supreme Court**
**Lansing, Michigan**

October 20, 2011

143878 & (16)(21)(22)

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra,
Justices

PAUL H. SCOTT,
        Plaintiff-Appellee,

v

MICHIGAN DIRECTOR OF ELECTIONS,
and GENESEE COUNTY DIRECTOR OF
ELECTIONS,
        Defendants,

and

GARY CARNAHAN,
        Intervening Defendant-Appellant.

SC: 143878
COA: 306155
Ingham CC: 11-00982-AA

_____/

      On order of the Court, the motions for immediate consideration are GRANTED. The application for leave to appeal the October 6, 2011 order of the Court of Appeals is considered and, pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we REVERSE the order of the Court of Appeals, and we REINSTATE the September 16, 2011 order of the Ingham Circuit Court that denied plaintiff's motion for a preliminary injunction. The circuit court did not abuse its discretion in denying plaintiff's motion for a preliminary injunction. It is not clear that plaintiff is likely to prevail on the merits. See *Detroit Fire Fighters Assn v Detroit*, 482 Mich 18, 34 (2008). The motion for stay is DENIED as moot.

      In a different election controversy 40 years ago, this Court recognized the practical problems that can arise when legal issues are brought to the appellate courts too close to the election day. In an effort to achieve "better timing of appeals to the judicial process," this Court suggested that appellate review of election-related legal issues would be facilitated if the party seeking review filed its papers "*in this Court,*" despite the absence of an explicit rule authorizing the same. *Carman v Secretary of State*, 384 Mich 443, 449 (1971). In this regard, MCR 7.302(C)(1)(b) now authorizes the filing of an application for leave to appeal in this Court prior to a decision by the Court of Appeals

after an application for leave to appeal has been filed in the Court of Appeals. We encourage future litigants in election disputes to avail themselves of this provision, where appropriate.

We further note that the October 6, 2011 order of the Court of Appeals, and the manner in which that court treated that order, unfortunately created confusion and uncertainty for the parties, the Ingham Circuit Court, and the public. The order is ambiguous as to whether the Court of Appeals retained jurisdiction. It appears to resolve the only issue before that court by reversing the circuit court order denying a preliminary injunction, and yet it refers to granting the application, but does so without guidance to the parties as to how to proceed, and does not state that the Court of Appeals retained jurisdiction. Indeed, the circuit judge contacted the Court of Appeals for clarification of whether the underlying case continued before him (where a summary disposition motion going to the merits of the underlying and significant legal question had already been filed) or was within the jurisdiction of the Court of Appeals. In responding, the Court of Appeals inappropriately orally added to its written order a specific deadline within which the circuit judge should act. The circuit judge understandably found himself compelled to issue the injunction sought by plaintiff, and equally understandably questioned why the Court of Appeals had not itself enjoined the election in light of its stated ruling that the circuit court had erred in determining that plaintiff had not shown that he was likely to prevail on the merits of a first-impression issue. Nor does the order suggest that the Court of Appeals will give the matter expedited consideration in a case with extreme time constraints and that involves the constitutional right to recall an elected state representative, Const 1963, art 2, § 8, in which more than 11,000 citizens had already signed recall petitions. Finally, to compound the confusion, the Court of Appeals docket, as of October 19, 2011, indicates that the case has been concluded. To clarify any confusion, the Court of Appeals case in Docket No. 306155 is closed. This order is to take immediate effect.

We do not retain jurisdiction.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 20, 2011

Clerk

t1019